COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-213-CV
  
  
WILLIAM 
R. POWER                                                               APPELLANT
  
V.
  
MARIA 
CELINA KILGORE                                                           APPELLEE
 
  
------------
 
FROM 
THE 231ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        This 
appeal is from the trial court’s order on a motion to enforce a child
support 
lien and to foreclose the lien.  We will affirm.
        Robert 
Earl Kilgore (“Robert”) formerly was married to Maria Celina Kilgore 
(“Maria”) and was the obligor of child support that is subject to the child 
support lien in the trial court case.  After the divorce of Robert and 
Maria, Robert was injured in an auto accident on January 15, 1999.  Robert 
engaged Appellant, a licensed Texas attorney, to represent him in connection 
with the accident.  Appellant had Robert sign a contingent fee agreement 
that provided for a one-third contingent fee if the case could be settled as a 
claim, or a forty percent fee if a lawsuit was necessary.  The agreement 
assigned to Appellant an interest to the extent of the agreed fee and any 
settlement or recovery.
        Robert 
was diagnosed and treated by seven health care providers who relied on letters 
of protection given them by Appellant.  Those letters stated that Appellant 
represents Robert in connection with injuries he sustained as a result of the 
automobile accident, and “We are writing to inform you that the Law Office of 
William R. Power, P.C. will protect your bill for reasonable and necessary 
services rendered to Robert Kilgore to the extent of recovery by suit or 
settlement of this case.”
        On 
June 15, 2001, the Domestic Relations Office sent Appellant notice of a child 
support lien the office had filed for Maria against Robert in the amount of 
$13,448, including interest at the rate of 12%.
        In 
April 2002, Robert settled his auto accident suit for $20,000 in exchange for 
his release of claims against the insured defendant.  Appellant then 
negotiated for the health care providers to receive $10,123.58 in full payment 
of the $20,247.15 of medical bills Robert had incurred under the protection 
letters Appellant had signed on his behalf.  After Appellant’s one-third 
contingent fee and the health care providers’ portions were paid, Robert had 
$3,011.75 left from his accident settlement, which he paid toward his arrearage 
on child support.
        On 
April 22, 2002, the Domestic Relations Office sent Robert an amended notice of 
child support lien it filed for Maria in the amount of $19,356.82.  The 
amended lien stated that it attached to all of Robert’s nonexempt real and 
personal property located or recorded in the state.  See Tex. Fam. Code Ann. § 157.313(a)(9) 
(Vernon 2002).  Later, the Domestic Relations Office filed a motion to 
enforce and foreclose the child support lien, naming Appellant as the 
respondent.  The Domestic Relations Office obtained a judgment against 
Appellant for the $10,123.58 that Appellant had paid Robert’s doctors.  See 
id. § 157.319(b).  This appeal followed.
        Appellant 
contends that: (1) the guaranty in the letters of protection operated as an 
assignment of part of Robert’s personal injury proceeds to his health care 
providers, giving them an interest that was no longer subject to the child 
support claim; (2) any liens created by the protection letters to the health 
care providers gave them priority over the child support lien; (3) the June 15, 
2001 notice of a child support lien was insufficient to let him know what 
property the lien affected; and (4) the trial court’s judgment in this case 
undermines important long-standing public policies and established 
practices.  We are not persuaded.
        Initially, 
the Domestic Relations Office served Appellant with a perfected notice of its 
child support lien on June 15, 2001.  Robert was the obligor of the 
support.  The legal services agreement that Robert signed on January 19, 
1999 with Appellant made no reference to health care expenses or letters of 
protection.  Appellant wrote letters to each of the health care providers 
informing them that his office would “protect” their bills for medical 
services provided to Robert.  Without paying Maria and without notifying 
the Domestic Relations Office, Appellant disbursed all of the settlement money 
that Robert received from the insurer of the defendant in Robert’s personal 
injury case.
        Nevertheless, 
Appellant’s letters to the health care providers failed to create for them a 
lien on Robert’s settlement money and failed to give any priority to the 
health care expenses over the perfected child support lien.  Health care 
costs should not have been paid before the perfected child support lien was 
satisfied.  See Tex. Fam. 
Code Ann. § 157.317 (Vernon Supp. 2004-05).  A properly filed and 
perfected lien of a “health care provider” or a hospital would have been 
necessary for the health care costs to trump the child support lien.  See 
Tex. Fam. Code Ann. § 157.319(c) 
(effective Sept. 1, 2001), and Tex. Prop. 
Code Ann. §§ 55.001-.008 (Vernon Supp. 2004-05).  Neither the 
letters of protection sent for Robert nor the settlement of his personal injury 
case were effective to assign any portion of the settlement proceeds to his 
health care providers.  The child support lien filed by the Domestic 
Relations Office on June 15, 2001 was in compliance with the version of Texas 
Family Code section 157.313(a) in effect at that time,[2] 
and gave the Domestic Relations Office priority in this case.
        Accordingly, 
we overrule each of Appellant’s issues and affirm the trial court’s judgment 
enforcing and foreclosing the child support lien.
   
   
                                                                  PER 
CURIAM
  
 
  
PANEL 
F: HOLMAN, GARDNER, and WALKER, JJ.
 
DELIVERED: 
July 21, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Act of April 21, 1997, 75th Leg., R.S., ch. 911, § 21, 1997 Tex. Gen. Laws 
2864, 2869, amended by Act of May 22, 2001, 77th Leg., R.S., ch. 1023, § 
20, 2001 Tex. Gen. Laws 2240, 2245-46.